IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**

    **vs.**                                      Criminal Action 2:18-cr-058(8)
                                                  JUDGE ALGENON L. MARBLEY

**CYNTHIA APPIAGYEI**

## REPORT AND RECOMMENDATION

Defendant Cynthia Appiagyei previously pleaded not guilty to an *Indictment* charging her with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 1), five counts of concealment of money laundering in violation of 18 U.S.C. § 1956(a)(1) (Counts 5, 24, 26, 36, and 42), and two counts of money laundering in violation of 18 U.S.C. § 1957 (Counts 57 and 63). The *Indictment* also includes a forfeiture count. *Indictment*, ECF No. 23. The United States of America and defendant thereafter entered into a plea agreement, executed pursuant to the provisions of Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to the conspiracy charge in Count 1 of the *Indictment*.[1] On February 6, 2019, defendant, accompanied by her counsel, appeared for a change of plea proceeding.[2] Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express

---

[1] Under the *Plea Agreement*, ECF No. 90, agreed to forfeit $84,800.00, which represents the amount that she personally obtained in connection with Count 1, and to a restitution obligation – jointly and severally with her co-defendants – in the amount of $3,385,081.05. The *Plea Agreement* also includes an appellate waiver provision which preserves only certain claims for appeal.

[2] During the plea proceeding, defendant – a long-time naturalized citizen of the United States – was advised by the Court of the possible (although perhaps unlikely) immigration consequences of her guilty plea. After consultation with her counsel, defendant indicated that she understood those possible consequences.

1

consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time she entered her guilty plea, defendant was in full possession of her faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined her competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges in the *Indictment* and the consequences of her plea of guilty to Count 1 of the *Indictment*. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary.[3] Defendant acknowledged that the plea agreement signed by her, her attorney and the attorney for the United States and filed on January 7, 2019, represents the only promises made by anyone regarding the charges in the *Indictment*. Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw her guilty plea.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which is attached to the *Plea Agreement*. She confirmed that she is pleading guilty to Count 1 of the *Indictment* because she is in fact guilty of the conspiracy offense charged in

---

[3] At several points in the plea colloquy, defendant hesitated in answering some of the Court's questions. The Court gave defendant the opportunity to confer with her counsel and expressly advised defendant that she need not go forward with the change of plea proceeding. After conferring with her counsel, defendant stated that she wished to go forward with the change of plea proceeding. She expressly confirmed that her plea of guilty was her own free and voluntary act.

that count.  The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 1 of the *Indictment* be accepted.  Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office.  Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes.  Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* See *Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of*

*Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


February 6, 2019                              *s/  Norah McCann King*
 Date                                        Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge