**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. 2:18-cr-58(8)** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | |
| **CYNTHIA APPIAGYEI,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter comes before the Court on Defendant Cynthia Appiagyei's Pro Se Motion for Expungement. (ECF No. 296). The Government opposes the Motion. For the reasons set forth below, the Motion is **DENIED.**

On February 6, 2019, Appiagyei pleaded guilty to one count of Conspiracy to Commit Money Laundering, pursuant to a plea agreement. (ECF No. 90). Following her guilty plea, on August 7, 2019, this Court sentenced her to 30 months of probation and ordered her to pay restitution in the amount of $3,385,081.05. In this current Motion, Appiagyei requests that this Court expunge her conviction. (ECF No. 296). Specifically, Appiagyei cites that she has served her probation and is struggling to make ends meet and care for her children. (*Id.*). In opposition, the Government contends that this Court lacks jurisdiction to grant the relief Appiagyei seeks. (ECF No. 297).

Expungement of a criminal record refers to the process of sealing or destroying the record of a criminal conviction. *United States v. Rowlands*, 451 F.3d 173, 176 (3d Cir. 2006). A defendant who moves to expunge his criminal record "does not seek to vacate or set aside the conviction," but instead "asks that the court destroy or seal the *records* of the fact of the defendant's conviction

and not the conviction itself." *Id.* (citing *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004) (emphasis added)). "Within the Sixth Circuit, there are two possible avenues for jurisdiction over a petition or motion to expunge: a statutorily-grounded permission to expunge or the limited doctrine of ancillary jurisdiction." *United States v. Holmes*, 2025 WL 2917150, at *1 (S.D. Ohio Oct. 14, 2025)(citing *United States v. Field*, 756 F.3d 911, 914–915 (6th Cir. 2014)). Additionally, it is the responsibility of the party requesting expungement to establish jurisdiction. *Id.*

Here, Appiagyei fails to assert either avenue for jurisdiction, and she cites no authority that supports her sought relief. Further, while this Court acknowledges that Appiagyei successfully completed probation and is empathetic to her financial struggles, these are purely equitable considerations that this Court lacks jurisdiction to consider. *Field*, 756 F.3d at 915 ("[F]ederal courts lack ancillary jurisdiction over motions for expungement that are grounded on purely equitable considerations—*e.g.*, motions alleging that the movant has maintained good conduct and that the record … harms the movant's employment opportunities."). Additionally, Appiagyei's financial struggles are a natural and predictable result of a criminal conviction and not a sufficient basis for expungement. *See United States v. Wiley*, 89 F. Supp 2d 909, 911–12 (S.D. Ohio 1999). Accordingly, Appiagyei's Motion to Expunge (ECF No. 296) must be denied because this Court lacks jurisdiction.

For the reasons set forth above, the Motion (ECF No. 296) is **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: August 7, 2026**